UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25 PENSION
FUND, *et al.*,

        Plaintiffs,

v.                                          Case No. 08-13890
                                             Honorable Julian Abele Cook, Jr.

OSBORN CONCRETE, INC. a/k/a
OSBORN'S CONCRETE, INC., and
ROBERT A. OSBORN JR.,

        Defendants.

## ORDER

      This is a case in which the Plaintiffs[1] contend that the Defendants, Osborn Concrete, Inc. (a/k/a Osborn's Concrete, Inc.) and Robert A. Osborn, Jr., violated their fiduciary duties when they failed to satisfy their respective financial obligations to the Plaintiffs as required by the parties' collective bargaining agreement.

      On July 1, 2009, the Plaintiffs filed a motion to compel the Defendants' to (1) answer the interrogatories that remain unanswered as of this date, (2) respond to their now-pending request for the production of documents, and (3) appear for a deposition and reply to questions under oath relating to the issues in this case. The Defendants have failed to respond to the Plaintiffs' motion

---

[1] The Plaintiffs in this lawsuit are Iron Workers' Local No. 25 Pension Fund, Iron Workers' Health Fund of Eastern Michigan, Iron Workers Local No. 25 Vacation Pay Fund, and Iron Workers' Apprentice Fund of Eastern Michigan.

1

as of this date.

On August 17th, the Court entered an order which (1) granted the Defendants' attorney's motion to withdraw his official responsive responsibilities to the defense, and (2) stayed this case for a period of sixty days in order to give the Defendants an opportunity retain a substitute counsel. This order also included a provision in which the parties were advised that the case would be returned to the "active trial docket at the conclusion of the . . . sixty-day period in the absence of any modifying order by the Court."

Several months later, on November 16, 2009, the Plaintiffs filed a motion for the entry of a default judgment against both of the named Defendants in this action. As of this date, neither of the Defendants have responded to the Plaintiffs' motion. The Court will address and rule on the Plaintiffs' above-referenced requests below.

I.

In support of their motion to compel, the Plaintiffs assert that on April 24, 2009, they served the Defendants with their first set of interrogatories along with a request for the production of documents. The Plaintiffs also aver that, although the parties had mutually agreed upon May 29, 2010 as a date on which depositions would be conducted, the Defendants (1) cancelled the May 29th deposition and (2) have subsequently declined to meet and confer to discuss rescheduling arrangements.

Fed. R. Civ. P. 37(a)(1) provides that a party to a litigation may move for an order from the Court compelling disclosure or discovery. This rule of procedure further states, in relevant part:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> (i) a deponent fails to answer a question asked under Rules 30 or 31;
> . . .

(iii) a party fails to answer an interrogatory submitted under Rule 33, or
(iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3).

On the basis of the official record in this case, the Plaintiffs' motion to compel is granted. Accordingly, the Defendants are directed to (1) respond to the Plaintiffs' interrogatories as well as to their requests for production, and (2) schedule the Defendants' depositions within twenty (20) days from the date of this order.

## II.

Turning to the Plaintiffs' motion for a default judgment against both of the named Defendants, they contend that as of October 17th (the date on which the stay should have been lifted) no one who purports to represent the opposing party has contacted them about "defending this matter." Morever, it is the Plaintiffs' collective position that their efforts to conduct even minimal discovery, which would have allowed them to file a dispositive motion, have been hampered by the Defendants' refusal to respond to their pre-trial requests. Thus, acting upon the authority of Fed. R. Civ. P. 37, the Plaintiffs ask the Court to render a default judgment in their favor.

Federal Rule of Civil Procedure 37 states, in part:

(2) Sanctions in the District Where the Action Is Pending.

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(vi) rendering a default judgment against the disobedient party[.]
. . .

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

3

> (1) In General.
> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
> (I) a party or a party's officer, director, or managing agent — or a person designated under Rule 30(b)(6) or 31(a)(4) — fails, after being served with proper notice, to appear for that person's deposition; or
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

Fed. R. Civ. P. 37(a)(2)(b), (d)(1)(A) (emphasis in original).

In its assessment of the Plaintiffs' motion, the Court notes that on August 2009, the Court stayed this litigation for a period of sixty days in order to provide the Defendants with an opportunity to seek the services of another attorney. This stay of litigation expired in October 2009. The Defendants have made an appearance in this case - as evidenced by the filing of their answers on November 4, 2008. Thus, on the basis of the above-referenced recent procedural activities which involve the Defendants, the Court concludes that it would be inappropriate to grant the Plaintiffs' motion (i.e., enter a default judgment for their failure to comply with an order which compelled participation in the discovery process) at this time. Accordingly, the Court will deny the Plaintiffs' motion for default judgment without prejudice. [2]

### III.

Therefore, for the reasons that have been stated above, the Court (1) grants the Plaintiffs'

---

[2] However, Osborn Concrete, Inc. (the corporate Defendant in this case), is reminded that the Sixth Circuit Court of Appeals has held that a corporation cannot appear in a federal court without the representation of an attorney. *See Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).

4

motion to compel, and (2) denies their motion for default judgment without prejudice.

IT IS SO ORDERED.

Dated: February 8, 2010                S/Julian Abele Cook, Jr.
       Detroit, Michigan               JULIAN ABELE COOK, JR.
                                       United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 8, 2010.

                                       s/ Kay Doaks
                                       Case Manager